IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00184-GPG

PAUL JERRY GONZALES,

    Plaintiff,

v.

STATE OF COLORADO,
GOVERNOR JOHN HICKENLOOPER,
COLORADO STATE ATTORNEY GENERAL CYNTHIA H. COFFMAN,
COLORADO SECRETARY OF STATE WAYNE W. WILLIAMS,
AMERICAN BAR ASSOCIATION (all licensed bar attorneys and assistants),
COLORADO BAR ASSOCIATION (all licensed bar attorneys and assistants),
MESA COUNTY COURT (all of the judges and their assistants),
MESA COUNTY,
MESA COUNTY SHERIFF MATT LEWIS,
MESA COUNTY JAIL (all deputies in the sheriff's department),
UNITED STATES OF AMERICA,
PRESIDENT OF THE UNITED STATES OF AMERICA,
SECRETARY OF THE TREASURY,
FEDERAL RESERVE,
UNITED STATES SECRETARY OF THE STATE,
UNITED STATES ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF TRANSPORTATION,
IRS,
IRS-CID,
FBI,
BENCHMARK REAL ESTATE,
MCCARTHY & HOLLTHUS LLP,
NATIONWIDE LEGAL LLC, and
JP MORGAN CHASE BANK NATIONAL ASSOCIATION,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Paul Jerry Gonzales, has filed *pro se* a Complaint (ECF No. 5). The court must construe the Complaint liberally because Mr. Gonzales is not represented by

an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Gonzales will be ordered to file an amended complaint if he wishes to pursue any claims in this action.

The Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Gonzales fails to provide a short and plain statement of the grounds for the court's jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and

> statute, which is not to be expanded by judicial decree.   It is
> to be presumed that a cause lies outside this limited
> jurisdiction, and the burden of establishing the contrary rests
> upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Mr. Gonzales refers to a wide variety of federal statutes in the Complaint, some of which potentially are relevant to federal claims over which the court may exercise subject matter jurisdiction.   However, the Complaint does not comply with Rule 8 because Mr. Gonzales fails to link the cited statutory authority to specific claims for relief.   To the extent Mr. Gonzales may be attempting to assert jurisdiction pursuant to 18 U.S.C. § 3771, a federal statute pertaining to the rights of crime victims, that statute does not create a private right of action for damages.   *See* 18 U.S.C. § 3771(d)(6).

   Mr. Gonzales also fails to provide a short and plain statement of any claims showing he is entitled to relief.   It appears that whatever claims Mr. Gonzales is asserting arise out of state court foreclosure proceedings involving his home.   However, although it is clear that Mr. Gonzales seeks $500,000,000,000.00 in damages and clear title to the real property in question, he fails to provide a short and plain statement of his claims showing he is entitled to such relief from any of the named Defendants.   In short, the eighteen claims Mr. Gonzales asserts in the Complaint make no sense.

   In order to comply with the pleading requirements of Rule 8 Mr. Gonzales must present his claims clearly and concisely in a format that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims.   Thus, Mr. Gonzales must identify the specific claims he is asserting and the statutory authority that allows the court to consider those claims, the specific facts that support each

asserted claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Mr. Gonzales file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Gonzales shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Gonzales fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED February 25, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge