IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00184-GPG

PAUL JERRY GONZALES,

     Plaintiff,

v.

STATE OF COLORADO,
GOVERNOR JOHN HICKENLOOPER,
COLORADO STATE ATTORNEY GENERAL CYNTHIA H. COFFMAN,
COLORADO SECRETARY OF STATE WAYNE W. WILLIAMS,
AMERICAN BAR ASSOCIATION (all licensed bar attorneys and assistants),
COLORADO BAR ASSOCIATION (all licensed bar attorneys and assistants),
MESA COUNTY COURT (all of the judges and their assistants),
MESA COUNTY,
MESA COUNTY SHERIFF MATT LEWIS,
MESA COUNTY JAIL (all deputies in the sheriff's department),
UNITED STATES OF AMERICA,
PRESIDENT OF THE UNITED STATES OF AMERICA,
SECRETARY OF THE TREASURY,
FEDERAL RESERVE,
UNITED STATES SECRETARY OF THE STATE,
UNITED STATES ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF TRANSPORTATION,
IRS,
IRS-CID,
FBI,
BENCHMARK REAL ESTATE,
MCCARTHY & HOLLTHUS LLP,
NATIONWIDE LEGAL LLC, and
JP MORGAN CHASE BANK NATIONAL ASSOCIATION,

     Defendants.

---

## ORDER OF DISMISSAL

---

     Plaintiff, Paul Jerry Gonzales, initiated this action by filing *pro se* a document titled

Affidavit of Obligation Commercial Lien (ECF No. 1).   On February 23, 2016, Mr.

Gonzales filed a Complaint (ECF No. 5).   On February 25, 2016, Magistrate Judge Gordon P. Gallagher ordered Mr. Gonzales to file an amended complaint that clarifies the claims he is asserting.   Magistrate Judge Gallagher determined the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr. Gonzales failed to provide a short and plain statement of the grounds for the Court's jurisdiction and he failed to provide a short and plain statement of any claims showing he is entitled to relief.   On March 11, 2016, Mr. Gonzales filed an Amended Complaint (ECF No. 8).

The Court must construe the Amended Complaint liberally because Mr. Gonzales is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons discussed below, the action will be dismissed.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes.   *See TV*

2

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Despite the specific instructions provided by Magistrate Judge Gallagher, the amended complaint also does not provide a short and plain statement of any claims showing Mr. Gonzales is entitled to relief.   Mr. Gonzales is asserting claims stemming from state foreclosure proceedings and an allegedly illegal sale of his home and unlawful eviction.   As relief he seeks an initial monetary settlement in the amount of $500,000,000.00 and clear title to the real property in question.   However, Mr. Gonzales fails to provide Defendants fair notice of the specific claims being asserted against them and the specific factual allegations that support each asserted claim.   Instead, he makes vague and conclusory references to a variety of federal criminal statutes that allegedly have been violated and a vague and conclusory reference to 42 U.S.C. § 1983.

To the extent Mr. Gonzales is asserting claims premised on alleged violations of criminal statutes, he lacks standing to do so because courts universally endorse the principle that private citizens cannot prosecute criminal actions.   *See, e.g., Cok v.*

*Cosentino*, 876 F.2d 1, 2 (1ˢᵗ Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").   In addition, the criminal statutes Mr. Gonzales cites do not provide for a private right of action that would authorize an award of damages.   *See, e.g., Andrews v. Heaton*, 483 F.3d 1070, 1076 (10ᵗʰ Cir. 2007) (dismissal of claims alleging violations of criminal statutes proper if criminal statutes do not provide for a private right of action).

Mr. Gonzales' vague and conclusory reference to 42 U.S.C. § 1983 also does not provide a short and plain statement of any claim that demonstrates he is entitled to relief. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10ᵗʰ Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7ᵗʰ Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10ᵗʰ Cir. 1992).   "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."   *Hall*, 935

F.2d at 1110.

The action will be dismissed for failure to file an amended pleading that complies with Rule 8. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint (ECF No. 5), the Amended Complaint (ECF No. 8), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Gonzales has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __4th__ day of ___April_____, 2016.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court